# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRYAN D. C., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 19-CV-0688-CVE-JFJ |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's motion for attorney fees (Dkt. # 24) pursuant to the Equal Access to Justice Act ("EAJA"). Defendant, the Commissioner of the Social Security Administration (Commissioner), has filed an objection (Dkt. # 25) to plaintiff's motion, and plaintiff has filed a response (Dkt. # 26). The motion is fully briefed.

### I.

The facts of this case are described in the Court's March 25, 2021 opinion and order (Dkt. # 22) ("March 2021 opinion") and will not be reiterated herein. As relevant here, plaintiff submitted an application for disability insurance benefits on June 7, 2017, alleging he had been disabled since December 31, 2016. Id. at 19. Plaintiff stated that his ability to work was limited by lower back pain, hypertension, anxiety, and depression. Id. at 241. On June 23, 2017, plaintiff was diagnosed with major depressive disorder by J. Bryan Cates, D.O. Id. at 406-07. He also received a secondary diagnosis of severe substance abuse disorder. Id.

---

[1]   Effective July 11, 2021, pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff's application for disability was denied initially and upon reconsideration. Id. at 81, 112. In both denials, the reviewing physicians noted that a consultative exam (CE) was needed because "[a]dditional evidence is required to establish [the] current severity of the individual's impairment(s)." Id. at 73, 103-104. Both denials state that plaintiff's medical sources were not contacted to perform plaintiff's CE because "[p]rior experience indicates that the medical source(s) may be uncooperative or will not provide needed evidence." Id. at 74, 104. Both reviewing physicians discussed plaintiff's medical records from his three-day stay at the Tulsa Center for Behavioral Health for mental health and drug-related issues. They also summarized his treatment notes from the Family & Children's Services, but did not address his diagnoses of major depressive disorder and severe substance abuse disorder. Id. at 76. Both denials state that "there is no indication that there is a medical opinion from any medical source." Id. at 79, 111.

After receiving the second denial, plaintiff requested a hearing. At that hearing, the ALJ questioned the plaintiff about his symptoms. She then questioned the vocational expert (VE) about a hypothetical. The ALJ then stated that, after reviewing plaintiff's medical records, she "couldn't really come up with a good hypothetical for RFC or mental. Because there wasn't a whole lot of treatment notes and basically complaints. So, I wasn't able to formulate a hypothetical. So, I don't have any other hypotheticals. I did look at them. I was trying really hard, but –" Id. at 64.

After the hearing, the ALJ issued a decision assessing the medical records plaintiff provided, as well as plaintiff's testimony and the testimony of the VE. The ALJ found plaintiff had two severe impairments–unspecified depressive disorder and unspecified anxiety disorder–and several non-severe impairments, including hypertension, low back pain, a crushed right foot, obesity, and a history of substance abuse. Id. The ALJ found that neither the impairments, nor the combination

of impairments, met or exceeded the requirements to establish an impairment in the Listings of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. The ALJ also found that the severity of the plaintiff's mental impairment did not satisfy the "paragraph B" or "paragraph C" criteria. Id.

After finding that plaintiff did not meet or equal a listing at step three, the ALJ found that plaintiff had the residual functional capacity (RFC) to "perform a full range of work at all exertional levels," but that plaintiff could only perform simple and detailed (as it related to clarity, not complexity) tasks (defined as semi-skilled)." The ALJ further added that plaintiff "can relate to others on a superficial basis" and "can adapt to a work situation." Id. In support of her determination, the ALJ summarized the evidence in the record. Id. at 23-26.

Specifically, the ALJ found that "[a]s for medical opinion(s) and prior administrative medical finding(s), I will not defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from [plaintiff's] medical sources." Id. at 26. Thereafter, the ALJ found the agency physicians' findings regarding plaintiff's mental health "very persuasive" as they were consistent with "the paragraph B criteria," plaintiff's reports to Family & Children's Services, and plaintiff's stated activities of daily living. Id. The ALJ did not discuss the diagnoses, evaluations, or screening test results provided via Family & Children's Services, or accord them any weight.

Ultimately, the ALJ determined that plaintiff was not disabled and the ALJ's decision became the final decision of the Commissioner. Id. at 5. Plaintiff objected to the final decision because, inter alia, the ALJ failed develop the record and the ALJ's RFC was not supported by substantial evidence. Dkt. # 19, at 6.

3

The magistrate judge issued a report and recommendation addressing plaintiff's objections. In that report and recommendation, she found that the ALJ adequately developed the record as the state physicians were "able to determine that [p]laintiff's physical impairments were nonsevere, and they were able to develop mental RFCs." Id. The magistrate judge also found that the ALJ's consistency analysis was proper, and her decision was supported by substantial evidence. Accordingly, the magistrate judge recommended that the Commissioner's decision be affirmed. Id. at 24. The magistrate judge also found the ALJ had committed legal error but, because it was harmless, remand was not required.

Plaintiff objected to that report and recommendation. After reviewing the record and the objections, the Court found that the ALJ did not adequately develop the record as to plaintiff's mental health impairments, and that the ALJ impermissibly cherry-picked evidence in the record–finding certain portions of reports to be very persuasive while failing to discuss other portions of the same reports that indicated more severe diagnoses. Noting these failures, the Court reversed the Commissioner's decision and remanded the matter for further proceedings. Dkt. # 22.

Now plaintiff moves the Court for an award of fees under EAJA in the amount of $7,752.10. Dkt. # 24. The Commissioner filed an objection to the motion, asserting that an award of fees is not warranted because the Commissioner's position was substantially justified. Dkt. # 25. The Commissioner does not object to the amount requested. Plaintiff submitted a reply (Dkt. # 26), and the motion is fully briefed.

## II.

Under the EAJA, a court shall award fees and other expenses to a "prevailing party" other than the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The United States bears the burden of establishing that its position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988); Kane v. Barnhart, 249 F. Supp. 2d 1252, 1254 (N.D. Okla. 2003).

"The position" of the United States includes arguments advanced by the Commissioner in civil litigation as well as Commissioner's determinations in the underlying administrative proceeding. Hackett v. Barnhart, 475 F.3d 1166, 1172-74 (10th Cir. 2007); see also Hadden, 851 F.2d at 1267 ("The term 'position' includes the government's position in the underlying agency action and during any subsequent litigation.").

In order to show that his position was substantially justified, the Commissioner must show his position has a "reasonable basis both in law and fact." Chester v. Apfel, 1 F. App'x 792, 794 (10th Cir. 2001)[2] (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). The reasonableness test consists of three prongs. First, the Commissioner must show there is a reasonable basis for the facts alleged; second, the Commissioner must show there is a reasonable basis in the law for the theory the agency propounds; and third, the Commissioner must show that the facts reasonably support the legal theory advanced. Gutierrez v. Sullivan, 953 F.2d 579, 585 (10th Cir. 1992).

---

[2] This and other unpublished decisions are not precedential, but they are cited herein for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

### III.

In its March 2021 opinion, the Court first found that it could not "reconcile the ALJ's contention that the record was fully and fairly developed, with her reliance on state agency physicians' reports," which stated that a CE was needed to make certain determinations regarding defendant's limitations. Dkt. # 22, at 11. Noting that, in the absence of any explanation from the ALJ as to why CEs were not necessary, in combination with plaintiff's other evidence, the Court found that plaintiff had demonstrated that "an additional examination would prove useful to the assessment of disability." Id. at 10-11. The Court found that "[u]ltimately, relying on state agency physicians' assessments as 'very persuasive' is error where those assessments contained requests for further evaluation, stated they lacked sufficient evidence to make certain determinations, and where the requests for further evaluation were not acknowledged by the ALJ." Id. at 13.

The Court also found that the ALJ's decision "to accord certain opinions from Family & Children's Services visits some weight (via the state physician's evaluations), and accord other opinions in those same records–those regarding plaintiff's major depressive disorder and severe substance abuse disorder–no specific evidentiary weight" constituted impermissible cherry-picking. Dkt. # 10, at 26; Haga, 482 F.3d at 1208.

In order to demonstrate that the ALJ's position was substantially justified, the Commissioner must show, at a minimum, that both of the positions taken by the ALJ were reasonable under both the law and the facts. In his objection to plaintiff's motion, the Commissioner argues that he has carried this burden. The Commissioner posits his argument that "[t]he burden to fully develop the record was met in this case, and the ALJ had sufficient information to determine Plaintiff's physical and mental [residual functional capacity] based on treatment records, agency opinions, and other

6

non-medical evidence" is supported by the assertion that "there was no inconsistency in the evidence to be resolved by a consultative evaluation or additional medical records." Dkt. # 25, at 4 (citing 20 C.F.R. § 404.1519a(b) for the proposition that "the agency may purchase a consultative examination to try to resolve an inconsistency in the evidence, or when the evidence is insufficient to allow the agency to make a determination on the claim"). The Commissioner states his position is bolstered by the fact that "the agency physicians and psychologists were still able to assess [p]laintiff's residual functional capacity despite statements in their reports that a consultative examination might have been helpful." Id.

The Commissioner's first argument–that there were no inconsistencies in the record and thus no CE was required–addresses only one rationale for ordering a CE. Where there is an absence of evidence, such absence cannot contradict other evidence. The claim that the absence of inconsistency in the record supports the ALJ's decision not to order a CE is illogical where plaintiff's objection is that the absence of that information was due to the inadequately developed record. That inadequate record was created by the ALJ. See C.F.R. § 404.1519a(b) (reports are to be ordered when there is insufficient evidence). The Commissioner's second argument, that the physicians created full RFCs from the record, also fails. The agency physicians indicated that there was "no evidence" of limitation in certain areas. This does not indicate that they were able to appropriately assess plaintiff's RFC; rather, it indicates that they did what they could on the record before them, while refusing to opine on matters about which that had no evidence.

It is true that, under the law, "[t]he ALJ's duty to develop the record is not subject to strict rules, and that reasonable people can differ over how much evidence is enough." Harris v. Barnhart, 259 F. Supp. 2d 775, 781 (E.D. Wis. 2003) (citing Kendrick v. Shalala, 998 F.2d 455, 456–57 (7th

Cir.1993)). However, in this case the ALJ's legal analysis fell short of what could be considered reasonable. The ALJ clearly emphasized the state agency physician reports and relied on them heavily in her opinion. Her failure to acknowledge that both reports requested additional information alone was borderline unreasonable. However, this error, in combination with her inability to formulate an RFC at the hearing and her acknowledgment that records were sparse and hard to obtain, push the ALJ's decision even further from being justifiable under the facts and the law.

The Commissioner does not address the other issues raised in the Court's March 2021 opinion. Specifically, the Commissioner does not attempt to justify the errors springing forth from the ALJ's impermissible cherry-picking of certain facts, and her disregard of the opinions that contradicted her opinion. In the absence of arguments that those actions were substantially justified, the Court finds that the Commissioner failed to carry his burden.

**IT IS THEREFORE ORDERED** that plaintiff's motion for EAJA fees (Dkt. # 24) is **granted**. A separate judgment is entered herewith.

**DATED** this 29th day of July, 2021.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE